Case: 14-1688   Document: 003111999873   Page: 1   Date Filed: 06/24/2015



**THE CITY OF NEW YORK**

ZACHARY W. CARTER
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY  10007

**Peter G. Farrell**
*Deputy Division Chief*
Tel: (212) 356-3532
Fax: (212) 356-3509

June 24, 2015

**BY ECF**
Marcia M. Waldron
Clerk of the Court
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
610 Market Street
Philadelphia, PA 19106-1706

      Re:    *Hassan et al v. City of New York* (Case No. 14-1688)
Response to Plaintiffs' Submission pursuant to Fed. R. App. P. 28j of Supplemental Authority, *Turkmen et. al., v Ashcroft et. al.*, No. 13-981 (Dkt. No. 266) (2d Cir. June 17, 2015) ("*Turkmen*")

Dear Ms. Waldron:

      Defendants write to respond to plaintiffs' letter dated June 18, 2015 submitting *Turkmen* as supplemental authority.

      *Turkmen* is a 2-1 split decision by the Second Circuit which is non-binding and does not alter or supplant the Supreme Court's controlling decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) on the implausibility of plaintiffs' discrimination claim here. Application of the Supreme Court's analysis in *Iqbal* makes clear that plaintiffs' claim, that the NYPD acted with a discriminatory purpose when it conducted surveillance of public places in the wake of the September 11, 2001 terror attacks, is not plausible when applying common sense and judicial experience and when juxtaposed against the obvious more likely explanation of the legitimate law enforcement purpose of counter-terrorism. *Iqbal* at 678-684; *Appellee Br.* 49-52.

      *Turkmen* is also factually distinguishable as it involved allegations that a number of arrestees were held in punitive solitary confinement and that defendants knew the arrestees had no ties to terrorism. *Turkmen* at 40, 80-81. Those allegations were held sufficient by the majority to find a plausible inference of discriminatory purpose because those allegations undermined any legitimate goal for the severe punitive conditions of confinement. *Id.* at 22, 57-58, 83-84. In contrast, in this case, there are no allegations that the NYPD took any action against plaintiffs (such as a stop, arrest, or excessively restrictive or punitive detention) other

than the allegation that some plaintiffs (not all) were subject to surveillance in public places which is lawful and constitutional on its face (*Appellee Br.* at 43-45).    As the district court found, there were more obvious likely explanations served by the NYPD's public surveillance that advanced legitimate law enforcement purposes. Appellee Brief 49-52.    Turkmen does not, as Appellants' argue, reject "public safety" as a more obvious explanation but rather rejects it under the particular facts alleged in *Turkmen* which are not alleged here. *Turkmen* at 82-83; *see also Turkmen* Dissent 73-78. Thus *Turkmen* provides no support in this case to move plaintiffs' conclusory allegation of discriminatory purpose from implausible to plausible.

Accordingly, Turkmen does not support reversing the district court's decision here.

Respectfully Submitted,

s/ Peter G. Farrell
Peter G. Farrell

cc: Counsel of Record (by ECF)